OPINION
{¶ 1} This appeal emanates from a jury verdict in the Portage County Court of Common Pleas finding appellant, Wilhelm D. Flynt, guilty of driving under the influence of alcohol.
 {¶ 2} On May 24, 2001, this case was instituted with a transcript from a preliminary hearing in the Kent Municipal Court. On June 21, 2001, the grand jury returned a true bill to one count of driving under the influence of alcohol, a felony of the third degree, in violation of R.C. 4511.19(A)(1), 4511.99(A)(4)(a)(ii), and 2929.14(D)(4).
 {¶ 3} At his arraignment, on July 2, 2002, appellant entered a plea of not guilty to the charge, and the matter was set for a jury trial commencing on August 7, 2001. On August 6, 2001, appellant filed a motion to suppress on the grounds that the police did not have lawful cause to detain him, there was no probable cause for the arrest, and appellant was not properly advised of his Miranda rights. On that same date, appellant filed a motion to suppress any comment referencing his indigent status. A hearing on the motions was scheduled immediately preceding trial on August 7, 2001.
 {¶ 4} On August 7, 2001, appellant filed a "Motion in Limine to Suppress Evidence," seeking to exclude: (1) any reference to appellant's prior history other than the predicate basis for the current charge and (2) evidence regarding his refusal to perform field sobriety tests. That same day, appellant also moved to suppress any audio portions of the booking room videotape referencing prior charges of driving under the influence.
 {¶ 5} On August 7, 2001, a hearing was held on appellant's motions to suppress. During the hearing, the court ruled on appellant's motions to suppress and granted appellant's motion to redact portions of the booking tape, prohibited the admission of statements appellant made after he was placed under arrest, and prohibited the officer from making any reference to appellant's prior convictions for driving under the influence other than his prior felony conviction. The court determined that evidence relating to appellant driving under suspension was admissible and found that, based on the officer's observations, the officer had probable cause to stop appellant. Prior to trial, the court overruled appellant's "Motion in Limine to Suppress Evidence."
 {¶ 6} A jury trial commenced on August 8, 2001. The evidence presented at trial revealed that, on the evening of May 12, 2001, appellant was traveling northbound on Mogadore Road, in Kent, Ohio. Jerry Schlosser ("Officer Schlosser") of the Kent City Police Department was driving southbound on Mogadore Road and observed appellant's vehicle travel left of center. Officer Schlosser turned around and followed appellant. While pursuing appellant, Officer Schlosser "pace clocked" appellant driving forty-eight miles per hour in a thirty-five mile per hour zone and observed appellant's vehicle weave and drive left of center for a second time. After the vehicle crossed left of center, Officer Schlosser initiated a traffic stop.
 {¶ 7} Officer Schlosser testified that when he asked appellant for his driver's license, appellant stated that it was under suspension. During this conversation with appellant, the officer noticed a strong odor of alcohol emanating from appellant. He also observed that appellant's eyes were bloodshot and glossy, and his speech was slurred. Based on these observations, Officer Schlosser asked appellant to exit the vehicle. Officer Schlosser testified that when appellant attempted to exit the vehicle, he stumbled, staggered, and almost fell. After regaining his balance, appellant denied having consumed any alcoholic beverages, placed his hands behind his back and stated, "Just do what you got to do." Officer Schlosser felt he then had sufficient probable cause that appellant was driving under the influence of alcohol when he asked appellant to perform field sobriety tests, but appellant refused. He was placed under arrest and transported to the Kent City Police Department where he refused to submit to a Breathalyzer test.
 {¶ 8} After the prosecution had presented its case-in-chief, appellant's counsel renewed the "Motion in Limine to Suppress Evidence," which was overruled.
 {¶ 9} On August 8, 2001, the jury returned a verdict of guilty to the charge of driving under the influence of alcohol and found that appellant had previously been convicted of driving while under the influence in the Portage County Court of Common Pleas. Subsequently, on August 29, 2001, the trial court sentenced appellant to a three-year term of incarceration in the Ohio Department of Rehabilitation and Correction and suspended his right to drive in the state of Ohio for life. In that entry, the trial court explained that appellant had "eleven prior D.U.I. convictions, [and that] this [was] his second felony offense, and [he] served a prior prison term." It is from that entry that appellant filed the instant appeal and now makes the following assignments of error:
 {¶ 10} "[1.] The trial court committed prejudicial and reversible error by overruling [appellant's] motion to suppress in limine and allowing the state to elicit testimony from its witness and comment upon the [appellant's] refusal to perform field sobriety tests.
 {¶ 11} "[2.] The verdict of the jury in the case sub judice is against the manifest weight of the evidence and is contrary to law."
 {¶ 12} In appellant's first assignment of error, he argues that the trial court erred in admitting evidence related to his refusal to perform field sobriety tests as indicia of guilt. Appellant presents three issues for our review. Specifically, he posits whether the admission of evidence relating to his refusal to perform field sobriety tests constituted a violation of his due process rights, privilege against incrimination, and right to counsel. He also challenges whether the refusal to perform field sobriety tests is admissible as evidence of guilt. Lastly, appellant argues that evidence related to his refusal to perform field sobriety tests was irrelevant and that the probative value was outweighed by the danger of unfair prejudice, confusion of the issues, and the possibility of misleading the jury under Evid. R. 402 and 403.
 {¶ 13} On the other hand, appellee, the state of Ohio, asserts that appellant did not properly object to the admission of the evidence during trial, and thus, the issue was not preserved for appeal. Alternatively, appellee contends that the admission of evidence regarding appellant's refusal to perform sobriety tests was not in violation of his fourth, fifth, and sixth amendment rights, or Evid.R. 402 and 403. Further, appellee claims that the verdict was not against the manifest weight of the evidence.
 {¶ 14} The Supreme Court of Ohio has held that a denial of a motion in limine does not preserve error for review. State v. Brown
(1988), 38 Ohio St.3d 305, paragraph three of the syllabus. A proper objection must be raised at trial to preserve error. Id. at 312, citingState v. Maurer (1984), 15 Ohio St.3d 239, 259.
 {¶ 15} In the case at bar, appellant failed to properly raise objections regarding the admission of evidence as to his refusal to perform field sobriety tests before the trial court. A review of the record reveals that the prosecutor referred to appellant's refusal to perform field sobriety tests, without objection, during his opening statement, during the direct examination of Officer Schlosser, who testified that appellant refused to perform field sobriety tests, and during closing argument. Appellant's counsel's renewal of the "Motion in Limine to Suppress" after the prosecution had presented its case-in-chief, instead of at the time the testimony was presented, was not a proper, timely objection. Because appellant failed to properly object at trial, this court is not required to address this issue. Nevertheless, in the interest of justice, we will examine whether the evidence was properly admitted.
 {¶ 16} The Twelfth District Court of Appeals addressed the issue of whether the admission of an appellant's refusal to submit to field sobriety tests as indicia of guilt violates the privilege against self-incrimination, right to counsel, and right to due process. The court found that there was no substantial difference between a refusal to submit to a breath-alcohol test and a refusal to perform field sobriety tests and held that "the trial court did not err in considering appellant's refusal to take field sobriety tests when determining [the] appellant's guilt." State v. Arnold (Sept. 7, 1999), 12th Dist. No. CA99-02-026, 1999 WL 699866, at 3. We adopt the holding of the Twelfth District Court of Appeals. Accordingly, the evidence relating to appellant's refusal to submit to field sobriety tests was properly admitted. Appellant's first assignment of error lacks merit.
 {¶ 17} In the second assignment of error, appellant alleges that the verdict was against the manifest weight of the evidence. When determining whether a verdict is against the manifest weight of the evidence, the reviewing court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and "determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. A reviewing court will not reverse a conviction as being against the manifest weight of the evidence if there is substantial evidence upon which the trier of fact could reasonably conclude that all of the elements of an offense have been demonstrated beyond a reasonable doubt. State v. Eskridge
(1988), 38 Ohio St.3d 56, paragraph two of the syllabus; Brown, supra, at paragraph four of the syllabus.
 {¶ 18} In the instant matter, appellee proved that appellant operated a motor vehicle under the influence of alcohol and had previously been convicted of driving under the influence through the testimony of its witnesses. Thus, appellee proved each element of R.C. 4511.19(A)(1),4511.99(A)(5)(a)(ii), and 2929.14(D)(4).
 {¶ 19} Moreover, Kent State Police Administrative Lieutenant, Michelle Lee, testified that appellant had a previous conviction for driving under the influence. Hence, this was his second felony conviction and he also served a prior prison term. Further, Officer Schlosser attested that he observed appellant's vehicle weave and travel left of center twice. He also stated that appellant had an odor of alcohol on his person, had bloodshot and glossy eyes, slurred speech, and stumbled while exiting his vehicle. Additionally, Officer Schlosser testified appellant refused to submit to field sobriety tests and declined to take a Breathalyzer test. Thus, we cannot conclude the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Appellant's second assignment of error is overruled.
 {¶ 20} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Portage County Court of Common Pleas is affirmed.
JUDITH A. CHRISTELY and WILLIAM M. O'NEILL, JJ., concur.